**This order is SIGNED.**

Dated: November 28, 2016

_____
**WILLIAM T. THURMAN**
U.S. Bankruptcy Judge



_uae_

_Submitted by:_

George Hofmann (10005)
Jeffrey L. Trousdale (14814)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Attorneys for Pacific WebWorks, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| In re<br><br>PACIFIC WEBWORKS, INC.<br><br>Debtor. | Bankruptcy No. 16-21223 (WTT)<br><br>Chapter 11 |
|---|---|

**FINDINGS AND CONCLUSIONS REGARDING DEBTOR'S CHAPTER 11 PLAN OF LIQUIDATION**
_____

The Court conducted a hearing on November 23, 2016 at 3:00 p.m. (the "Confirmation Hearing") to consider confirmation of the Debtor's Chapter 11 Plan of Liquidation Dated October 6, 2016 [Docket No. 185] (the "Plan") filed by Pacific WebWorks, Inc. (the "Debtor"). George Hofmann and Jeffrey Trousdale appeared at the hearing on behalf of the Debtor and other appearances were noted on the record.

Based upon the evidence received at the Confirmation Hearing, the _Debtor's_

*Memorandum in Support of Plan Confirmation* [Docket No. 196], the Declaration of Gil Miller in Support of Confirmation of Plan of Liquidation [Docket No. 197], the other papers filed concerning the Plan, the statements of counsel, and other matters of record, having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, THE COURT HEREBY FINDS AND CONCLUDES[1] as follows:

A. <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>.  This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B. <u>Judicial Notice</u>.  This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries on the docket indicating the evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Bankruptcy Case.

C. <u>Transmittal and Mailing of Materials; Notice</u>.  All due, adequate, and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims and Interests in accordance with the Bankruptcy Rules.  The Disclosure Statement,

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. Pro. 7052.

[2] Capitalized terms used but not otherwise defined herein are defined in the Plan.

{00307862.DOC /}                                                    2

Plan, and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Rules upon Creditors and Interest Holders entitled to vote on the Plan, and such transmittal and service were adequate and sufficient. No other or further notice of the Plan or Confirmation Hearing is or shall be required.

D. <u>Solicitation</u>. The solicitation of votes for acceptance or rejection of the Plan complied with §§ 1125 and 1126,[3] Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations. Based on the record before the Court in the Bankruptcy Case, the Debtor has acted in "good faith" within the meaning of § 1125, and is entitled to the protections afforded by § 1125(e).

E. <u>Distribution</u>. All procedures used to distribute the solicitation materials to the applicable holders of Claims and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and all other rules, laws, and regulations.

F. <u>Creditors' and Interest Holders' Acceptance of Plan</u>. The Plan establishes two Classes of Claims and one Class of Equity Interests. Every class unanimously accepted the Plan by affirmative vote, and with one possible exception, no creditor or interest holder objected to confirmation of the Plan. Accordingly, all three Classes of Claims and Interests have accepted the Plan.

G. <u>Plan Complies with Bankruptcy Code</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(1).

---

[3] Unless otherwise provided, all references to statutory sections in these Findings and Conclusions using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

{00307862.DOC /}                                  3

i. <u>Proper Classification</u>.  The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests in each such Class.  The Plan properly classifies Claims and Equity Interests.  In addition to Administrative Expense Claims and Priority Tax Claims, which are not classified under the Plan, the Plan designates various separate Classes of Claims and Equity Interests based on differences in their legal nature or priority.  Further, valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests under the Plan.  Finally, the Classes do not unfairly discriminate between holders of Claims or Equity Interests.  Thus, the Plan satisfies §§ 1122 and 1123(a)(1).

ii. <u>Specify Unimpaired Classes</u>.  There are no unimpaired Classes under the Plan.  All Classes of Claims and Equity Interests are impaired. Thus § 1123(a)(2) is satisfied.

iii. <u>Specify Treatment of Impaired Classes</u>.  Classes 1 through 3 are designated as impaired under the Plan.  Article IV of the Plan specifies the treatment of the impaired Classes of Claims and Equity Interests, thereby satisfying § 1123(a)(3).

iv. <u>No Discrimination</u>.  The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to less favorable treatment with respect to such Claim or Interest, thereby satisfying § 1123(a)(4).

    v.      Implementation of Plan.  The Plan provides adequate and proper means for implementation of the Plan, thereby satisfying § 1123(a)(5).  Among other things, the Plan provides for a Liquidating Trustee to administer the resolution of all claims and distribute the Debtor's net assets to creditors and interest holders whose claims and/or interests are allowed.

    vi.      Corporate Charter Provisions Inapplicable.  Section 1123(a)(6) is satisfied because all the Liquidating Trust Agreement, as amended, specifically provides that the Liquidating Trust shall not issue nonvoting equity securities or securities of any type.

    vii.      Selection of Post-Confirmation Manager.  The identity and affiliations of the Liquidating Trustee is disclosed in the Disclosure Statement and the Plan.  Further, provisions in the Plan regarding the selection of the Liquidating Trustee are consistent with the interests of creditors and interest holders and with public policy.  Thus, § 1123(a)(7) is satisfied.

    viii.      Payments from Future Income of the Debtor.  The Debtor is not an individual, and thus § 1123(a)(8) does not apply.

    ix.      Additional Plan Provisions.  The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thus satisfying the requirements of § 1123(b).

    x.      Bankruptcy Rule 3016(a).  The Plan is dated and identifies the Debtor as its proponent, thereby satisfying Bankruptcy Rule 3016(a).

H. The Plan and the Proponent Complies with the Bankruptcy Code.  The Plan complies with the applicable provisions of the Bankruptcy Code.  Likewise, the

Debtor has complied with the applicable provisions of the Bankruptcy Code. Thus, §§ 1129(a)(1) and (a)(2) are satisfied.

    i. The Debtor is a proper proponent of the Plan under § 1121(c).

    ii. The Debtor complied with the applicable provisions of the Bankruptcy Code, including § 1125, the Bankruptcy Rules, and other orders of the Court in transmitting the Plan, the Disclosure Statement, the ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

I. <u>Plan Proposed in Good Faith</u>.  The Plan is proposed in good faith and not by any means forbidden by law, and therefore complies with the requirements of § 1129(a)(3). In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Bankruptcy Case and the formulation of the Plan. Among other things, the Court finds:

    i. the Debtor filed the Bankruptcy Case, and proposed the Plan, for a valid reorganizational purpose;

    ii. neither the Bankruptcy Case nor the Plan were filed as a litigation tactic or for delay;

    iii. the Debtor has been, and are, actively prosecuting its Bankruptcy Case;

    iv. the Debtor proposed the Plan with the legitimate and honest purpose of, among other things, maximizing returns to creditors;

    v. the Plan contemplates full payment of Allowed Claims in Classes 1 through 2, and significant distributions to holders of Allowed Interests in Class 3;

    vi. the Debtor has sufficient liquidated funds to fully implement the Plan;

    vii. this is not a case involving a single asset or single creditor;

    viii. the Debtor has a reasonable possibility of successfully implementing the Plan and making significant distributions to holders of Allowed Claims; and

    ix. the Plan is feasible and practical, and there is a reasonable likelihood that the Plan will achieve its intended results, which are consistent with the purposes of the Bankruptcy Code.

J. <u>Payments for Services or Costs and Expenses</u>.  Any payment made or to be made under the Plan for services or for costs and expenses in or in connection with the Bankruptcy Case prior to the Effective Date, including all fees and expenses incurred by Professionals, has been approved by or is subject to the approval of the Court as reasonable, thereby satisfying § 1129(a)(4).

K. <u>Manager of the Reorganized Debtor</u>.  The Plan and the Disclosure Statement identify Gil A. Miller of Rocky Mountain Advisory, the Debtor's professional accountant and tax advisor in this Bankruptcy Case, as the initial Liquidating Trustee.  The service of Mr. Miller as the post-Effective Date administrator of the Debtor's Estate is consistent with the interests of the holders of Claims and

Interests and with public policy. Therefore, the requirements of § 1129(a)(5) are satisfied.

L. <u>No Rate Changes</u>. The Plan satisfies § 1129(a)(6) because the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

M. <u>Best Interests of Creditors Test</u>. Because Classes 1 through 3 accepted the Plan by unanimous affirmative vote, the Plan satisfies § 1129(a)(7)(i) with respect to all Classes of Claims and Interests.

N. <u>Acceptance by All Classes</u>. Classes 1 through 3 (all Classes) are impaired, but as noted above, all Classes of Claims and Interests (Classes 1 through 3) have accepted the Plan. Therefore, § 1129(a)(8) is satisfied with respect to all Classes of Claims and Interests.

O. <u>Treatment of Administrative Expense Claims and Priority Tax Claims</u>. The Plan satisfies the requirements of § 1129(a)(9). Except to the extent the holder of a particular Claim agrees to a different treatment, the Plan specifies that Administrative Expense Claims (including professional compensation) and Priority Tax Claims will be paid as mandated by § 1129(a)(9).

P. <u>Acceptance by at Least One Impaired Class</u>. Classes 1 through 3 have accepted the Plan, as noted above. Therefore, there is at least one impaired accepting Class, and § 1129(a)(10) is satisfied.

Q. <u>Feasibility</u>. The Plan is feasible and complies with § 1129(a)(11) because confirmation is not likely to be followed by a liquidation or the need for further financial reorganization of the Debtor, excepting the liquidation specifically

contemplated under the Plan.  The Plan offers a reasonable prospect of success and is workable.

R. <u>Payment of Fees</u>.  All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to Section 2.2(b) of the Plan, thereby satisfying § 1129(a)(12).

S. <u>Continuation of Retiree Benefits</u>.  The Plan complies with § 1129(a)(13) because the Debtor has no obligation to pay retiree benefits subject to § 1114.

T. <u>No Domestic Support Obligations</u>.  The Debtor is not an individual and thus has no domestic support obligations.  Therefore § 1129(a)(14) is not applicable.

U. <u>Projected Disposable Income</u>.  The Debtor is not an individual and thus the disposable income test of § 1129(a)(15) does not apply.

V. <u>Transfers Will Comply with Nonbankruptcy Law</u>.  Although the Plan does not contemplate any transfers of assets other than to the Liquidating Trust, the Plan complies with § 1129(a)(16) because any transfers of assets to be made under the Plan will be made in accordance with applicable nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

W. <u>Fair and Equitable; No Unfair Discrimination</u>.  All Classes of Claims and Interests have accepted the Plan, and thus compliance with § 1129(b) is not required with respect to Claims and Interests.

X. <u>No Other Plan.</u>  No other chapter 11 plan is pending before the Court in this Bankruptcy Case, and so § 1129(c) does not apply.

Y. <u>Principal Purpose of Plan</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).  Therefore, the Plan satisfies the requirements of § 1129(d).

Z. <u>Small Business Case</u>.  This is a small business case.  On September 19, 2016, the Court entered an Order Granting Debtor's Motion to Extend Deadline Under Bankruptcy Code § 1129(e) Through and Including November 30, 2016.  Therefore, § 1129(e) is satisfied, as the Court will enter an Order Confirming the Plan on or before November 30, 2016.

The Court may have announced other findings of fact and conclusions of law on the record at the Confirmation Hearing, which findings and conclusions are incorporated herein by reference.

In summary, the Plan complies with, and the Debtor has satisfied, all applicable confirmation requirements, and the Plan will be confirmed by entry of the separate Confirmation Order.

-------------------------------------- END OF DOCUMENT --------------------------------------