IN THE UNITED STATES BANKRUPTCY COURT,
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC WEBWORKS INC.,<br><br>Debtor. | **CASE NO. 16-21223**<br><br>**NOTICE TO SUBMIT PROOF OF EQUITY INTERESTS IN PACIFIC WEBWORKS, INC.** |

**TO ALL EQUITY SECURITY HOLDERS IN PACIFIC WEBWORKS, INC., AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that on February 23, 2016, Pacific WebWorks, Inc. (the "Debtor") filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code, commencing case No. 16-21223. On November 23, 2016, the Bankruptcy Court approved a chapter 11 plan (the "Plan"), whereby Gil Miller was appointed as the Liquidating Trustee for the Pacific WebWorks, Inc. Liquidating Trust (the "Liquidating Trustee").

Under the Plan, the Liquidating Trustee is responsible for determining all claims against and equity security interests in the Debtor, liquidating the remaining assets of the Debtor, and paying claims and equity security interests (as defined by § 101(16) of the Bankruptcy Code) on a pro rata basis as he is able. The Liquidating Trustee is required to pay allowed priority claims and allowed general unsecured claims in full (100% of the principal amount) before he can make a distribution to holders of equity security interests in the Debtor. However, the Liquidating Trustee believes that he will likely pay allowed claims in full, and accordingly will be able to make a distribution to holders of equity security interests in the Debtor after payment of all allowed claims.

The Liquidating Trustee intends to distribute remaining net liquidation proceeds to holders of equity security interests in the Debtor who timely submit proofs of interest as instructed below. The proceeds from assets of the Debtor will be distributed to holders of equity security interests in the Debtor only after all senior claims (as defined in the Plan) are paid in full, pursuant to the Plan, and subject to any defenses against such equity security interests asserted.

**PLEASE TAKE FURTHER NOTICE** that all persons and entities asserting that it holds an equity security interest in the Debtor must timely submit a proof of interest with all proper supporting documentation to the addressee listed below no later than **February 24, 2017** (the "Bar Date"). A proof of interest form is enclosed with this Notice.

**IMPORTANT:** Proofs of Interest must be sent by United States Postal Service as follows:

>George Hofmann
>c/o Equity Interests – Pacific WebWorks, Inc.
>Cohne Kinghorn, P.C.
>111 East Broadway, 11th Floor
>Salt Lake City, Utah 84111

**PLEASE TAKE FURTHER NOTICE** that any equity security interest holder who fails to timely submit a proof of interest form so that it is **received** no later than the Bar Date in accordance with the instructions set forth above shall be barred from sharing in any distribution of proceeds of the liquidation of the assets of the Debtor and/or the Liquidating Trust and shall not receive any payment from the Liquidating Trustee. **ANY PARTY WHO HAS ALREADY SUBMITTED A PROOF OF INTEREST FORM TO THE DEBTOR AND/OR LIQUIDATING TRUSTEE DOES NOT NEED TO SUBMIT ANOTHER PROOF OF INTEREST FORM.**

>Dated: December 19, 2016

Enclosures:

>1. Proof of Interest Form

IN THE UNITED STATES BANKRUPTCY COURT,

DISTRICT OF UTAH, CENTRAL DIVISION

| In re<br><br>PACIFIC WEBWORKS INC.,<br><br>Debtor. | **CASE NO. 16-21223**<br><br>**PROOF OF INTEREST** |
|---|---|

| Name of Equity Security Interest Holder: | |
|---|---|
| Interest Holder Address (where notices should be sent) | Other Identifying Information): |
| Interest Holder Telephone Number | Interest Holder Email Address |
| BASIS FOR EQUITY SECURITY INTEREST:<br>❑   Purchased the Interest on the Stock Exchange or through a broker<br>❑   Interest received through a transfer from an initial investor (fill out initial investor below<br>❑   Interest received through an inheritance or some other devise or bequest<br>❑   Interest held on behalf of another (fill out below)<br>❑   Other (explain below)<br><br>Date(s) and number of shares of Interests obtained:<br>DATE              # OF SHARES | ❑   Check box if you are aware that anyone else has filed a proof of interest relating to your equity security interest. Attach copy of statement giving particulars.<br>❑   Check box if you have never received any notices from the court in this case.<br>❑   Check box if the address differs from the address on the envelope sent to you by the court. |
| Total of Equity Interest (in <u>shares</u> held): | |
| I declare under penalty of perjury that the information on this Proof of Interest Form and any attachments is true and correct to the best of my knowledge and that the documentation and exhibits attached are true, correct, and complete copies of such documents. | | |
| Print name of authorized signer: | | |

**SUPPORTING DOCUMENTATION REQUIRED.** Attach copies of supporting documents, such as stock certificates or account statements. Do not send original documents. Neither the Proof of Interest Form nor the supporting documentation will be returned to you.

**ANY PARTY WHO HAS ALREADY SUBMITTED A PROOF OF INTEREST FORM TO THE DEBTOR AND/OR LIQUIDATING TRUSTEE DOES NOT NEED TO SUBMIT ANOTHER PROOF OF INTEREST FORM.**

Proofs of Interest must be sent by United States Postal Service as follows:

>George Hofmann
>c/o Equity Interests – Pacific WebWorks, Inc.
>Cohne Kinghorn, P.C.
>111 East Broadway, 11th Floor
>Salt Lake City, Utah 84111